INCHAUSTI *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Guayama.

No. 95.—Decided May 11, 1911.

DOMINION. PROCEEDINGS—PETITIONER WITH WRITTEN DOMINION TITLE—PUBLIC DEEDS.—Although article 395 of the Mortgage Law authorizes dominion proceedings to be instituted only by owners who have no written title of dominion, this should be understood to apply to persons who have no title of dominion recordable in the registry of property.

ID.—CLASSIFICATION OF TITLES—POWERS OF REGISTRARS—JUDICIAL DECISIONS IN DOMINION PROCEEDINGS.—Where dominion proceedings have been instituted by a person who acquired the property under a public deed, and notwithstanding this fact the court holds the dominion to have been established, it is because in its judgment the said deed was not recordable; and as the registrar has no power to pass upon the grounds of judicial decisions, he cannot refuse the record on the ground that the acquisition was made under a written title.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellants presented in the Registry of Property of Guayama a certificate issued by the secretary of the District Court of Guayama, stating that the judge of said court rendered a decision approving the petition for dominion pro-

ceedings relative to the property therein described and directing that dominion thereof be recorded in the names of the petitioners in the proportion therein stated.

The registrar refused to admit the instrument to record on the following grounds:

"Admission to record of the foregoing instrument is refused on account of the incurable defect that the properties involved in the dominion proceedings were acquired by applicants by virtue of public instruments which have never been presented for record in the registry of property, it being unknown whether or not such instruments are admissible to record. And, under the provisions of the Act of March 1, 1902, a cautionary notice, effective for 120 days, has been entered on page 211, of volume 32 of Guayama, property No. 1640, entry letter A. Guayama, April 13, 1911. Felipe Cuchí Arnau, Registrar."

This decision refusing to make the record shows that the only ground upon which it is based is that the applicants acquired the property by virtue of public instruments which have not been presented for record in the registry, a fact which is unquestionably known by the registrar because the decision from which this appeal has been taken states that both applicants acquired ownership under public instruments.

Although article 395 of the Mortgage Law authorizes proceedings relating to the ownership of real property only in cases of property holders who are without a written title of ownership, this should be understood as referring to persons who have no title of ownership capable of being recorded in the registry of property. (*Ex parte Berlanga,* 6 P. R., 55.)

The possession of a deed to a property is no bar to the prosecution of dominion proceedings where the deed is not admissible to record; and when the judge approved the proceedings under such conditions, it was because in his opinion the instrument or title was not recordable.

Moreover, in a case identical with this, where the Acting

Registrar of Ponce refused to record a dominion title on the same ground—that is, that the property was acquired under a written title—it was held by this Supreme Court that the provisions of article 18 of the Mortgage Law do not empower the registrars to pass upon the grounds of judicial decisions, and that this being the only purpose of the registrar in refusing to record the declaration of ownership referred to, his decision should be reversed because said official has no power to question the decision of the court which approved the proceedings to establish ownership and directed the record thereof in the registry of property. (*Rivera* v. *Registrar of Property of Ponce*, 14 P. R., 249.)

For the reasons stated, the decision refusing to enter the record involved in this appeal should be reversed and an order should issue directing that the instruments presented be admitted to record.

*Reversed.*

Chief Justices Hernández and Justices MacLeary, Wolf, and del Toro concurred.